UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRINIDAD GONZALEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALLIED CONCRETE INDUSTRIES INC., ALLIED CONCRETE STRUCTURES, INC., AMERICO MAGALHAES, and MANUEL MAGALHAES,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff TRINIDAD GONZALEZ ("Plaintiff" or "Mr. Gonzalez"), individually and on behalf of others similarly situated, by and through his attorneys, SCOTT A. WOLINETZ, P.C. alleges against Defendants ALLIED CONCRETE INDUSTRIES ("ACI"), ALLIED CONCRETE STRUCTURES, INC. ("ACS") and AMERICA MAGALHAES and MANUEL MAGALHAES ("DefendantsA. Magalhaes" and "M. Magalhaes"), as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 207 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 and 1337 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. In addition the court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this District pursuant to 28 U.S.C. §216(b) because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

4. Defendant is subject to personal jurisdiction in New York.

## THE PARTIES

5. Upon information and belief, Defendant ACI is a domestic limited liability company, organized and existing under the laws of the State of New York, and maintains its principal place of business at 960 Johnson Avenue Ronkonkoma, NY 11779.

6. Upon information and belief, Defendant ACS is a domestic limited liability company, organized and existing under the laws of the State of New York, and maintains its principal place of business at 960 Johnson Avenue Ronkonkoma, NY 11779.

7. Upon information and belief, at all times relevant hereto, the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

8. Upon information and belief, at all relevant times hereto, Defendant A. Malgahaes has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

9. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10. Upon information and belief, Defendant A. Magalhaes is an owner and employee of the Corporate Defendant and its business the "Allied Concrete," which is a concrete contractor.

11. Defendants employ laborers, all of whom, upon information and belief, are paid in by check by defendants and are not adequately compensated for overtime hoursas required under federal and New York State law for their work each day and week.

12. Defendant A. Magalhaes possesses and executes the authority to hire and fire employees, supervise their work schedules, and set their terms of compensation.

13. Upon information and belief, Defendant A. Magalhaes set the terms of compensation for Defendants' employees.

14. Upon information and belief, Defendant A. Magalhaes was aware of the policies and practices being implemented within the company would hold meetings with Defendants' employees to discuss Defendants' business.

15. Upon information and belief, Defendant M. Magalhaes is an owner and employee of the Corporate Defendant and its business the "Allied Concrete," which is a concrete contractor.

16. Defendants employ laborers, all of whom, upon information and belief, are paid in by check by defendants and are not adequately compensated for overtime hours as required under federal and New York State law for their work each day and week.

17. Defendant M. Magalhaes possesses and executes the authority to hire and fire employees, supervise their work schedules, and set their terms of compensation.

18. Upon information and belief, Defendant M. Magalhaes set the terms of compensation for Defendants' employees.

19. Upon information and belief, Defendant M. Magalhaes was aware of the policies and practices being implemented within the company would hold meetings with Defendants' employees to discuss Defendants' business.

3

20. Upon information and belief, Defendant M. Magalhaes signed the Plaintiff's checks and was otherwise responsible for paying Plaintiff.

21. Employee complaints were directed to the Individual Defendants.

22. Plaintiff Trinidad Gonzalez is an individual who has been employed by Defendants to work as a laborer at the Defendants'' business within the last six (6) years.

23. The Individual Defendants are engaged in business in the State of New York who are sued individually in their capacity as owners, officers, employees, and/or agents of the Corporate Defendants.

24. All Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").

25. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

26. Plaintiff Gonzalez brings this action on behalf of (a) himself and other similarly situated employees who have worked for Defendants on or after the date that is three (3) years before the filing of the instant Complaint pursuant to the FLSA 29 U.S.C. §216(b) and the regulations thereto; and (b) himself and other similarly situated employees who have worked for the Defendant on or after the date that is six (6) years before the filing of the instant Complaint pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146*et seq.*.based upon the following acts and/or omissions which Defendants committed:

4

    i. Defendants' failure to compensate Plaintiff for all hours worked as required by federal and state law and regulations;

    ii. Defendants' failure to pay proper overtime wages under 29 C.F.R. 778.100-778.115;

    iii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6 and 137-1.7;

    iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195;

    v. Defendants' policy to unlawfully deduct portions of Plaintiff's wages in contravention of NYLL § 193; and

27. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

28. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

29. Defendants have maintained a policy and practice of paying their employees the same rate for overtime hours as regular hours and not paying them in accordance with federal and New York State law. Defendants maintain a workforce of laborers, all of whom are paid in regular hours when working overtime in violation of federal and New York State laws.

30. Defendants have maintained a policy and practice of failing to compensate Plaintiff and other similarly situated employees for every overtime hour they have worked at the proper overtime rate.

31. Defendants have maintained a policy and practice of deducting from Plaintiff and other similarly situated employees' wages for unlawful reasons.

32. Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and paystubs.

33. Defendants have maintained a policy and practice of failing to pay Plaintiff and other similarly situated employees an extra hour of pay when they worked a span of hours that exceeded ten (10) hours in a single day.

34. Defendants have maintained a policy and practice of unlawfully paying regular wages for overtime work.

### *Plaintiff's Work Schedule and Pay.*

35. Plaintiff worked for Defendants as a laborer from in or about 2001 until on or about September 13, 2013.

36. Plaintiff regularly worked Thursday through Sunday with the following schedule:

    a. 7:00 a.m. to 5:00 a.m. Monday through Friday

37. Plaintiff regularly arrived to work one hour prior to his scheduled shift in order to set up his materials.

38. Plaintiff also regularly left work one hour after his scheduled shift in order to clean up his materials.

39. Plaintiff was also required to travel to worksites as much as two hours a day.

40. Plaintiff regularly worked between 70 and 80 hours each week.

41. Plaintiff's pay stubs reflect that Defendants paid him $25 per hour for his regular work hours and for his overtime hours as well.

42. The pay stubs also did not always accurately reflect the number of hours that Plaintiff worked nor did they reflect accurate payments for overtime.

43. The FLSA requires that each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

44. During his employment with Defendant, within the applicable statute of limitations, Plaintiffs and other Collective Class members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiff and theCollective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair labor Standards Act, failed and refused to pay them overtime compensation.

45. By failing to accurately record, report and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants failed to make, keep and preserve records with respect to each employee sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA 20 U.S.C. §201, *et seq*.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §216(b) and §255(a), and such other and legal and equitable relief as the Court deems just and proper.

47. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorney's fees and cots to be paid by Defendant, as provided by the FLSA 29 U.S.C. §216(b).

48. At all times Plaintiff was an employee and Defendant employer within the meaning of the New York Labor Law.

49. The overtime wage provisions of Article 19 of the New York labor Law and its supporting regulations apply to Defendants.

50. Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages which he was entitled under the New York Labor Law.

51. By Defendants failure to pay Plaintiff and the Rule 23 Class Members premium overtime w3ages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

52. Due to Defendants' violations of the New York State Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants his unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

### *Other Violations Affecting Plaintiff*

#### *1. Notice and Recordkeeping Violations*

53. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with 20 U.S.C. §201, *et seq.* and NYLL § 195.

54. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.),the proper overtime payments, or the identification of the regular pay day.

55. Defendants also did not provide Plaintiff with an appropriate paystub. Rather the paystubs provided to Plaintiff inaccurately reflected Plaintiff's compensation and the hours that he worked, in violation of NYLL § 195.

56. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations. 29 U.S.C. §216 (b) and §255(a).

## II. Collective Action Allegations.

57. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

58. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

59. Plaintiff's Consent to Sue formis attached as **Exhibit A**.

60. Upon information and belief, there are at least 25current and former laborers employees who have been denied proper overtime pay while working for Defendants.

61. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, proper overtime payand willfully failing to keep records required by the FLSA.

62. In bringing this action, Plaintiff is representative of and is acting on behalf of the interests of other current and former employees who have worked for Defendants within the last six (6) years.

63. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

64. Plaintiff brings this action on behalf of himself and all other current and former laborers who were or are employed by Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants.

65. Upon information and belief, this class of persons consists of not less than 25 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

66. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff and others similarly situated by Defendants is subject to jurisdiction and wage requirements of the NYLL.

67. Plaintiff's claims are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

68. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

69. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

70. Plaintiff brings the within claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

73. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a paystub, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

74. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

75. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and all members of the Proposed Class, prays for relief as follows:

A. Compensatory Damages in an amount to be determined at trial;

B. Damages for emotional distress;

C. Prejudgment Interest;

D. Liquidated Damages pursuant to the FLSA and NYLL;

E. Plaintiff's costs and reasonable attorneys' fees;

F. That the Defendants have been found to have violated the provisions of the New York labor Law as to Plaintiffs and the Class;

G. That the Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaint9iff and the Class;

H. That the Defendants violations as described above are found to be willful;

I. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSQA and NYLL.

J. Any relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury as to all issues so triable.

Dated: June 25, 2014
      New York, New York

Respectfully submitted,

_____
Scott A. Wolinetz (SW 6286)
SCOTT A. WOLINETZ, P.C.
233 Broadway, Suite 1800

12

New York, New York 10279
Phone: (212) 962-1133
*ATTORNEYS FOR PLAINTIFFS*

CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against ALLIED CONCRETE INDUSTRIES INC and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b). I hereby designate Scott A. Wolinetz, P.C. to represent me in the suit.

_____
Signature

_____
Print Name

_____
City, State and Zip Code