| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | <u>6-9-2015</u> |
| | U.S. MAGISTRATE JUDGE | TIME: | <u>11:16 a.m. (39 minutes)</u> |

*Gonzalez v. Allied Concrete Industries Inc et. al.*,
**CV 14-4771 (JFB) (AKT)**

| | |
|---|---|
| TYPE OF CONFERENCE: | **DISCOVERY STATUS CONFERENCE/MOTION HEARING** |

| | | | |
|---|---|---|---|
| APPEARANCES: | Plaintiff: | Michael Taubenfeld | |
| | Defendants: | Saul D. Zabell | |
| FTR: 11:16-11:55 | | | |

SCHEDULING:

Counsel were directed to come to Courtroom 910 once they finish oral argument before Judge Bianco on the date which is apparently going to be adjourned from June 15. Based on what happens as a result of oral argument, this Court will address further matters which need to be scheduled in discovery.

THE FOLLOWING RULINGS WERE MADE:

1. Defendants' letter motion to quash the subpoena served by Plaintiffs' counsel on non-party Intuit Incorporated, Corporation Service Company [DE 33] is GRANTED. *See* DE 33.

    However, the Court is directing Defendants' counsel to produce to Plaintiffs's counsel **by June 19, 2015**, copies of (1) Plaintiff's cashed paychecks (dates ranging from June 2008 - October 2013) and (2) payroll reports with respect to Plaintiff (dates ranging from June 2008 - October 2013) - - both of which are identified in Defendants' Rule 26(a) Initial Disclosures.

2. Defendants have moved to compel certain discovery. *See* DE 36. The motion is GRANTED, in part, and DENIED, in part, as follows.

    **First Document Request Nos. 1-2**: Plaintiffs' counsel is directed to amend his response to confirm that he is not withholding any documents on the grounds of privilege at this time.

    **First Document Request Nos. 17-18 to Gonzalez**: GRANTED. The documents referenced in Plaintiffs' response (Bates Stamp Nos. P 134-298) are the pay stubs for all three Plaintiffs. The Court directs Plaintiffs' counsel to confirm in writing whether any of his clients are in possession of punch cards or copies of punch cards. In addition, Plaintiffs' counsel is directed to prepare a spreadsheet regarding the hours each plaintiff claims he worked week by week for the relevant period as well as the wages plaintiffs claim defendants owe them. That spreadsheet is to be provided to defendants' counsel within 21 days of plaintiffs' receiving the documents listed as Items 3 and 4 in defendants' Rule 26(a) Initial Disclosures. The Court will not direct the individual plaintiffs to provide individual verifications since these materials are being composed by counsel. Defendants' counsel is free to question the plaintiffs on the information

contained in the spreadsheet at their depositions. Plaintiffs' counsel was advised that his clients needs to be properly prepared for their depositions.

**Second Document Request No. 1 to Gonzalez**: Motion DENIED as to this request.

**First Document Request No. 28 to Gonzalez, No. 26 to Diaz and Maqueda**: Motion GRANTED, in part, as to social media accounts. The Court will not permit wholesale access to social media. The parties are urged to review both the *Caputi* case cited by plaintiffs as well as this Court's decision in *Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112 (E.D.N.Y. 2013) in which a motion to compel discovery of social media information was addressed by this Court. The Court is permitting Defendants' counsel to obtain limited social media material going back three years from the date of commencement of this action. The Court points out that plaintiffs' counsel has an obligation to directly involve himself in the supervision and oversight of plaintiffs' search through any social media history for any relevant information (*e.g.*, complaints about employer, complaints about wages, information about other jobs where the plaintiff may have applied). To the extent that such information exists, Plaintiffs' counsel must turn it over to Defendants' counsel. Defendants' counsel made an additional application today for all of the Plaintiffs' social media history going back three years showing the time and date of each posting during business hours (with non-relevant content redacted) for possible impeachment material. The Court denied this request but told plaintiffs' counsel that he could explore this subject area at latest' depositions, within the guidelines set forth here.

**First Document Request Nos. 48 to Gonzalez, No. 51 to Diaz and Maqueda**: DENIED.

**First Document Request Nos. 47-58 to Gonzalez, Nos. 53-61 to Diaz, and Nos. 52-60 to Maqueda**: GRANTED, in part, DENIED, in part. The only category to which plaintiffs will be required to respond is the requests to "Produce all documentation relating to job search and/or job placement assistance from a federal, state, city or private entity/agent received by Plaintiff Diaz from 2012 through the present."

**First Document Request Nos. 19-26, 31, 37-43, 61 to Gonzalez**:

> Nos. 19, 20, 21, 22, 23, 24, 25: motion is now moot based on the representation of plaintiffs' counsel that plaintiffs have subsequently responded individually to each of these requests.
>
> No. 26: DENIED. Plaintiffs are not required to respond.
>
> Nos. 31. 37, 38, and 39: GRANTED. Plaintiffs are directed to respond to the extent they possess any information responsive to this request.
>
> Nos. 40, 41, 42, 43: GRANTED, in part, DENIED, in part. Plaintiffs are directed to provide Defendants with the specific Bates- stamp numbers of documents which show any dates on which they did not work in excess of 8 hours in one day to the extent that the pay stubs, pay checks, and payroll reports contain this information (even if only records of weekly hours worked available). Plaintiffs' counsel will be required to provide this information once he receives the production directed by the Court today of the particular items in defendants' Rule 26(a) disclosures.

<p style="margin-left: 2em;"><u>No. 61</u>: DENIED.  Defendants are not required to respond to this request as currently constituted.</p>

**First Document Request Nos. 18-25, 31, 33, 35, 43-47 to Diaz**: the parties are directed to apply the same rulings as the Court just issued concerning Gonzalez.

**First Document Request Nos. 18-25, 31, 33, 35, 42-46, and 64 to Maqueda**: the parties are directed to apply the same rulings as the Court just issued concerning Gonzalez.

**First Interrogatories to each Plaintiff**:

<u>No. 2</u>:  Plaintiffs have supplemented their prior responses since the submission of this motion and therefore, the request is moot.

<u>No. 8</u>: GRANTED, in part, DENIED, in part.  Plaintiffs are to supplement these responses within 21 days of receiving the portions of Defendant's Rule 26(a) disclosures to be produced by June 15.

<u>No. 9</u>:  Same ruling as No. 8 above.

<u>No. 10</u>: MOOT.  Plaintiffs have withdrawn their claim for spread of hours compensation.

<u>No. 16</u>:  GRANTED, in part, DENIED, in part.  If any Plaintiffs were working for another employer during the same period of time that they were working for Defendants, such information would be relevant to the potential number of hours actually worked by the plaintiffs during the relevant time period.  Some Plaintiffs worked for other employers but only during a "furlough" period with Defendants.  This information has been provided to Defendants.

**First Requests for Admission Nos. 32-36 to Gonzalez**: DENIED, without prejudice.  Plaintiffs will not be compelled to respond to these Requests for Admission as currently constituted.  Although Defendants have clarified that the "winter months" refer to the period running from November to February, the definition of "slowed down" remains ambiguous.  Defendants' counsel must more clearly articulate this request before the plaintiffs will be required to respond..

**First Requests for Admission Nos. 32-36 to Diaz**:  Same as ruling directly above.

**First Requests for Admission Nos. 55-162 to Gonzalez, Nos. 29-82 to Diaz, and Nos. 57–164 to Maqueda**:  GRANTED, in part, DENIED, in part.  Plaintiffs will not be required to respond to these Requests for Admissions, with the sole exception of the request at bullet point # 11.  The remaining requests are overly intrusive and go to defendants' desire to obtain information concerning plaintiffs' credibility.   The Court finds the format of Requests for Admissions on these topics to be particularly inappropriate.

3. With regard to the balance of the discovery schedule, counsel reported that no depositions have taken place in light of these outstanding discovery issues.  In addition, Plaintiffs intend on moving for conditional certification after their motion to amend has been decided by Judge Bianco.  Given the procedural posture, the Court is holding further scheduling in abeyance until

the decision is rendered on the motion to amend.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge