**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRINIDAD GONZALEZ, individually and on
behalf of others similarly situated,

                          Plaintiffs,

        - against -                                          **MEMORANDUM &**
                                                                   **ORDER**

                                                                  CV-14-4771 (JFB) (AKT)

ALLIED CONCRETE INDUSTRIES, INC.,
ALLIED CONCRETE STRUCTURES, INC.,
CONCRETE STRUCTURES, INC.,
AMERICO MAGALHAES, and MANUEL
MAGALHAES,

                          Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**        **PRELIMINARY STATEMENT**

        Plaintiffs J. Trinidad Gonzalez, Miguel Diaz, Ruben Bernal Maqueda, Angel Bagui-Riofrio, Jose O. Canales, Fioro Albino, Raul Rios, Esteban Rios, Mario Estrada Falcon, Alexander Colon Toro, Sergio Dacosta-Rodrigues, Victor A. Lambur, Derrick Hoover and Ruben Rivera (collectively, the "Plaintiffs") bring the instant action on behalf of themselves and all others similarly situated against Defendants Allied Concrete Industries, Inc., Allied Concrete Structures, Inc. Concrete Structures, Inc., Americo Magalhaes and Manuel Magalhaes (collectively, the "Defendants") alleging violations of various provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs also assert a claim

for breach of contract. *See generally* Fourth Amended Complaint ("Am. Compl.") [DE 90].[1] Presently before the Court is Defendants' letter motion seeking to compel Plaintiffs to produce: (1) Automated Teller Machine ("ATM") receipts from 2008 through the present; and (2) cell phone records from 2008 through the present. *See* DE 64. Plaintiffs oppose the motion. *See* DE 66. For the reasons that follow, Defendants' motion is DENIED.

## II.   BACKGROUND

Plaintiffs all worked for Defendants as construction laborers during various periods of time within the six years prior to the filing of the original Complaint in this action. Am. Compl. ¶¶ 28-41; 45. Plaintiffs, despite working different schedules, *see* Am. Compl. ¶¶ 53-125, all allege that during their employment, they each worked in excess of forty hours per week but were not paid overtime compensation in accordance with the FLSA and the NYLL. *Id*. ¶¶ 127, 133. Typically, on weekdays, Plaintiffs began work between 5:00 a.m. and 7:00 a.m. and finished their shifts between 5:00 p.m. and 7:00 p.m. *See* Am. Compl. ¶¶ 53-125. For those Plaintiffs who worked for Defendants on Saturdays, their shifts typically began between 6:00 a.m. and 7:00 a.m. and ended at approximately 1:00 p.m. *Id*. In addition to their alleged failure to pay Plaintiffs overtime compensation, Defendants purportedly "failed to make, keep and preserve records with respect to each employee sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA[.]" *Id*. ¶ 128. Further, Plaintiffs assert that Defendants "failed to provide Plaintiffs with a wage notice or proper paystubs in compliance with [the FLSA and NYLL]." *Id*. ¶¶ 136-138.

---

[1]   The Fourth Amended Complaint was filed on May 9, 2016 and thus was not the operative Complaint at the time Defendants filed their motion to compel, which itself was filed on September 2, 2015. All references in this Memorandum and Order are to the Fourth Amended Complaint ("Am. Compl.").

Following the May 9, 2016 filing of Plaintiffs' Fourth Amended Complaint, Defendants filed their Answer on June 9, 2016. *See* DE 90, 93. Subsequently, Defendants filed the instant motion seeking to compel the disclosure of Plaintiffs' ATM receipts and cell phone records for the period 2008 to the present. *See* DE 64.

### III. LEGAL STANDARD

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is the finding that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759,

3

2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover,* No. 05 Civ. 1924, 2009 WL 585430, at *5 (D.Conn. Mar. 4, 2009)); *Evans v. Calise,* No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)); *Denim Habit, LLC*, 2016 WL 2992124, at *3. In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes."); *Coggins v. Cnty. of Nassau*, No. 07 Civ. 3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential.") (internal quotation omitted); *see also Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("[m]otions to compel are left to the court's sound discretion."); *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

**IV.  DISCUSSION**

    **A.  ATM Receipts**

Defendants assert that Plaintiffs' ATM transactions "are relevant and likely to lead to the discovery of admissible evidence because they can and will reveal each Plaintiff's whereabouts and activities during hours they claim to have been working."  DE 64 at 2.  Defendants assert that they are not interested in "gain[ing] any financial information" but rather seek Plaintiffs' ATM receipts in order to glean "the date, time, and location of the transactions."  *Id*.  In support of their request, Defendants cite the case of *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 WL 893663, at *1 (E.D.N.Y. Feb. 25, 2015).

In response, Plaintiffs assert that Defendants' request for Plaintiffs' ATM receipts is "overbroad, improper and not likely to lead to the discovery of admissible evidence."  DE 66 at 1.  Specifically, Plaintiffs contend that Defendants are merely "speculat[ing] that Plaintiffs were not working when they claim to have been working and that the ATM receipts would prove that [fact]."  Nevertheless, Plaintiffs claim that "Defendants' speculation is unsubstantiated . . . [and therefore] amounts to a fishing expedition. . . ."  *Id*. at 2.  In support of their position, Plaintiffs rely on *Perry v. The Margolin & Weinreb Law Grp. LLP*, No. 14-3511, 2015 WL 4094352, at *1 (E.D.N.Y. July 7, 2015), a decision rendered by this Court.

In *Caputi*, plaintiff was employed as an administrative assistant who alleged that she worked for defendants six days a week from 9:00 a.m. to 5:00 p.m. *Caputi*, 2015 WL 8893663, at *1.  Plaintiff claimed that despite working more than 40 hours per week for defendants, she was not paid overtime.  *Id*.  In addition, plaintiff asserted that defendants "did not permit [plaintiff] an uninterrupted lunch break during the work day."  *Id*. (alteration in original).  During discovery, defendants in *Caputi* sought to obtain plaintiff's credit card and debit card statements

5

as well as her ATM receipts and cell phone records.  *Id*. at *3-5.  Defendants sought this information in order to "ascertain [plaintiff's] personal activities and physical whereabouts during the workday in order to support Defendants' defenses. . . ."  *Id*. at *2.  The court granted defendants' motion with respect to the ATM receipts to the extent that plaintiff was ordered to produce "a sampling of records of her ATM transactions" for the period of time in question.  *Id*. at *4.  However, the court grounded its ruling in the evidentiary proffer submitted by counsel during oral argument on the motion.  Specifically, the court stated that "[d]uring oral argument, counsel for Defendants indicated that they expect witnesses to testify that Plaintiff attended prolonged lunches with friends and coworkers during the workweek and withdrew cash from ATMs for that purpose.  Defendants are entitled to documentary evidence that may corroborate such anticipated testimony, to the extent it exists."  *Id*. at *4.  Defendants in the instant case have made no such proffer.

By comparison, the Plaintiff in *Perry* was employed as a paralegal who allegedly worked 55 hours per week at defendants' brick-and-mortar office, and an additional 10 hours per week at home.  *Perry*, 2015 WL 4094352, at *1.  Despite her working in excess of 40 hours per week, plaintiff alleged that defendants only "paid plaintiff for her first thirty-five hours worked per [week]" and failed to pay her the "overtime rate of one and one-half times her standard rate of pay" for the hours she worked in excess of 40 hours.  *Id*. at *1.  As such, plaintiff claimed defendants violated provisions of the FLSA and NYLL.  *Id*.  During discovery, defendants conducted plaintiff's deposition during which she was questioned "about a one-page, redacted statement from her checking account. . . ."  *Id*.  Specifically, defendants questioned her about "four transactions represented on the statement which, according to their dates and times, purport to show that Plaintiff made purchases on her debit card during working hours."  *Id*.  Defendants

6

argued that plaintiff's testimony established that the records sought are "relevant and probative on the issue of the actual hours Plaintiff worked during her employment." *Id*. at *2. In light of the checking account statement and plaintiff's testimony, defendants sought to obtain plaintiff's credit card and debit card statements as well as checking account transaction journals." *Id*. After considering defendants arguments, this Court denied the request finding that

> under the circumstances presented here, Defendants' requests for nearly four years' worth of Plaintiffs' credit card, debit card, and checking account statements are overbroad and not reasonably calculated to lead to admissible evidence. Having reviewed the portion of the deposition transcript provided by the Defendants, the Court finds the "evidence" relied upon by Defendants to make this motion to be *de minimus.* Moreover, although Defendants attempt to distinguish this case from *Caputi*, the Court finds that, as in *Caputi*, the potential relevance of Plaintiff's financial records "is outweighed by the intrusiveness of disclosing certain private information contained therein, including Plaintiff's personal spending habits." *Caputi*, 2015 WL 893663, at *4.

*Perry*, 2015 WL 4094352, at *3.

Turning to the instant case, the Court is not persuaded by Defendants' assertion that discovery of Plaintiffs' ATM transaction receipts will lead to relevant evidence concerning Plaintiffs' "whereabouts and activities during the hours they claim to have been working." DE 64 at 2. Although Defendants rely on *Caputi* in support of their position, such reliance is misplaced. In *Caputi*, the court permitted a sampling of Plaintiff's ATM transactions based exclusively on the evidentiary proffer submitted by counsel which illustrated a good faith basis for the court to conclude that the discovery would lead to relevant evidence. Specifically, the court took note that the witness testimony expected as argued by defendants would presumably establish that "Plaintiff attended prolonged lunches with friends and coworkers during the workweek and withdrew cash from ATMs for that purpose." *Id*. at *4. Therefore, based on the factual proffer, the court found that "Defendants are entitled to documentary evidence that may

7

corroborate such anticipated testimony, to the extent it exists." *Id*. Unlike *Caputi*, Defendants here have not offered anything beyond speculation. Consequently, there is no justification for a wholesale fishing expedition in the hopes that six years of ATM receipts might prove to unearth some nugget of relevant information. Put another way, Defendants have failed to set forth a sufficient evidentiary nexus between the en masse discovery sought and a good faith basis to believe that such discovery material is both relevant and proportional to the needs of the case. *See Perry*, 2015 WL 4094352, at *3 (denying release of plaintiffs credit card, debit card and banking information since "Defendants' theory is simply too speculative to support the broad nature of the discovery [they] seek[ ]") (internal citation omitted) (alternations in original); *Caputi*, 2015 WL 893663, at *4. Moreover, Defendants' unsupported assertion that this evidence will divulge Plaintiffs' "whereabouts and activities" during the purported hours they worked is simply too tenuous for the Court to sanction such a wholesale intrusion into Plaintiffs' personal affairs. *See Perry*, 2015 WL 4094352, at *3; *Caputi*, 2015 WL 893663, at *4. In addition, without having the benefit of any evidentiary proffer, the Court likewise finds that there is no basis to permit even a sampling of the ATM receipts. Accordingly, Defendants' motion seeking to compel production of Plaintiffs' ATM receipts is DENIED.

### B. Cell Phone Records

Defendants also seek the release of Plaintiffs' cell phone records in order to "reveal whether Plaintiffs engaged in personal activities such as non-work related telephone calls, extended telephone calls, [and] frequent text messaging during times they claim to have worked on Defendant's behalf." DE 64 at 2. According to Defendants, "[t]he cellphone records can also provide an approximation for Plaintiffs' locations based upon Plaintiffs' proximity to particular cell tower locations." *Id*. In support of their position, Defendants' somewhat ironically rely on

8

the case of *Perry* — the same case referenced by Plaintiffs in opposing Defendants' motion to compel the ATM receipts.

In opposition, Plaintiffs state that "Defendants fail to provide any indication that Plaintiffs' cell phone records would show [that Plaintiffs' engaged in non-work related telephone calls, extended telephone calls or text messaging]." DE 66 at 2. Plaintiffs further assert that Defendants lack of providing such a basis "distinguishes this case from other cases in this District where Courts ordered the production of cell phone records." *Id*. In addition, with respect to Defendants alternative theory that the records could establish Plaintiffs' location based on their proximity to a cell tower, *see* DE 64 at 2, Plaintiffs maintain that Defendants "do not explain how [they] would be able to triangulate Plaintiffs' location based on these records." DE 66 at 2 n. 1.

In *Perry*, this Court found plaintiff's cell phone records to be "marginally relevant" and ordered that she turn over a "sampling of her cell phone records covering . . . the last three months Plaintiff alleges she worked from home." *Perry*, 2015 WL 4094352, at *4. However, the Court based its decision on the fact that "during her deposition, [plaintiff testified that] she occasionally made personal phone calls at work" and that

> [t]o the extent these personal phone calls were made from an office telephone, Defendants would already have access to those records. However, Plaintiff has asserted in this action that she worked up to 10 hours per week from her home while employed by Defendants. Plaintiff testified during her deposition that her at-home work often took place after hours and long into the night. Defendants are entitled to test the accuracy of these assertions, and to that extent, the Court finds that Plaintiff's cell phone records are marginally relevant.

*Id*.

Similarly, in *Caputi*, defendants sought plaintiff's cell phone records in order to "uncover patterns in Plaintiff's call history that belie her claims." *Caputi*, 2015 WL 893663, at *4.

9

Specifically, "Defendants expect such records to show that Plaintiff engaged in telephone calls with non-work related phone numbers on days and time that she claims to have worked for Defendants." *Id*. Plaintiff objected noting that "although she probably made telephone calls during the workday, her ability to have done so will not demonstrate whether Defendants gave her an uninterrupted break. . . ." *Id*. (internal quotations and citation omitted).

Both of the above cases are distinguishable from the facts in the instant action. In *Perry*, this Court explicitly grounded its decision to permit the disclosure of a sampling of plaintiff's cell phone records on plaintiff's deposition testimony that she occasionally made telephone calls while at work. And even with that evidence, this Court was convinced that the information was only "marginally relevant." *Perry*, 2015 WL 4094352, at *4. Likewise, in *Caputi*, plaintiff's allegations included her claim that "defendants did not permit [Plaintiff] an uninterrupted lunch break during the work day." *Caputi*, 2015 WL 893663, at *1. Based upon the specific allegation at issue in *Caputi*, coupled with plaintiff's testimony that "she probably made telephone calls during the workday[,]" *id*. at *4, this Court permitted discovery of a sampling of Plaintiff's cell phone records. *Id*. Such is not the case here. Similar to their request for Plaintiffs' ATM receipts, Defendants merely speculate that in light of Plaintiffs' general allegations in their Amended Complaint, somehow their cell phone records for the past six years will lead to promising evidence. However, such an unsupported theory is entirely too speculative to warrant a wholesale intrusion into the private affairs of the Plaintiffs. *See Perry*, 2015 WL 4094352, at *3 (declining to order disclosure of debt card, credit card and bank statements where defendant's theory was "too speculative to support the broad nature of discovery" that was sought); *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1349 (M.D. Fla. 2014) (precluding defendant from obtaining financial records based upon theory that was "too speculative."). Further,

10

without a sufficient evidentiary proffer for support, the Court finds that the level of "marginal relevance" which existed in *Perry* which might otherwise support a sampling of the phone records is absent here. Accordingly, Defendants' motion to compel production of Plaintiffs' cell phone records is DENIED.

**V. CONCLUSION**

Defendants' motion seeking to compel disclosure of Plaintiffs' ATM receipts and cell phone records is DENIED for the reasons set forth in this Memorandum and Order.

**SO ORDERED.**

Dated: Central Islip, New York
August 23, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge