**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRINIDAD GONZALEZ individually and
on behalf of all others similarly situated,
RUBEN BERNAL MAQEUDA and
MIGUEL DIAZ,

                                                                                       **ORDER**

                        Plaintiffs,                        CV 14-4771 (JFB) (AKT)

        - against -

ALLIED CONCRETE INDUSTRIES, INC.,
ALLIED CONRETE STRUCTURES, INC.,
AMERICO MAGALHAES, MANUEL
MAGALHAES and CONCRETE
STRUCTURES, INC.,

                        Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

     Defendants' counsel has filed a letter motion seeking: (1) to have the Court compel Plaintiffs' counsel to identify which deponent will be deposed on the agreed upon dates as well as whether an interpreter would be needed; and (2) an Order directing Plaintiffs' counsel to disclose Plaintiff Miguel Diaz' driver's license. DE 104. In opposing the motion, Plaintiffs' counsel states that: (1) Defendants' counsel filed the instant motion without first complying with the Court's meet-and-confer requirement; (2) Plaintiffs have submitted a deposition schedule to Defendants' counsel and that portion of Defendants' motion is now moot; and (3) Defendants' request seeking to compel disclosure of Plaintiff Diaz' driver's license is a veiled attempt to inquire into Plaintiff Diaz' immigration status and should therefore be denied. DE 105.

Having reviewed both submissions, the Court issues the following rulings: (1) the portion of defendants' motion seeking to compel identification of the specific witness to be deposed on the specific day is deemed MOOT; (2) the portion of the motion seeking disclosure of Plaintiff Diaz's driver's license is DENIED. See *Garcia v. Benjamin Grp. Enterprises, Inc.*, No. CV-09-2671, 2010 WL 2076093, at *2 (E.D.N.Y. May 21, 2010) (the request to discover the plaintiff's driver's license "constitutes an irrelevant inquiry into immigration status that might chill the plaintiffs' inclination to pursue their claims").

Further, the Court has little confidence that based on the discovery phase of this case to date that the parties have actually complied with either the spirit or the letter of Local Civil Rule 37.3. Therefore, effective immediately, counsel will not be permitted to submit any further motions for Court intervention until they have first contacted Chambers and set up a telephone conference to discuss the purported dispute. The Court will determine during the telephone conference whether counsel have actually complied with Rule 37.3 and whether motion practice will be permitted to go forward.

**SO ORDERED.**

Dated: Central Islip, New York
October 13, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge