

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Christopher K. Collotta, Counsel**
Email: ccollotta@laborlawsny.com

June 25, 2018

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Joseph F. Bianco
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: <u>Gonzalez v. Allied Concrete Industries, Inc., et al.</u>
       <u>Case No.: 14-CV-4771 (JFB) (AKT)</u>

Your Honor:

  This firm is counsel to Defendants in the above-referenced action. We respectfully submit our opposition to Plaintiffs' pre-motion application of June 18, 2018 [ECF Doc. 170].

  It is our position that Plaintiffs' proposed amendment to the class definition is incongruous with the content of the Fourth Amended Complaint (and all prior iterations), so much so, Plaintiffs' application should be denied. By and through their submission, Plaintiffs confirm the allegations for which they seek inclusion are different from the alleged violations of the FLSA and NYLL which form the basis of this dispute. While Defendants Allied Concrete and Concrete Structures have been held to be joint employers, this fact, standing alone, is not outcome-determinative. The allegations contained in Mr. Taubenfeld's submission pertaining to the payroll interplay between the two corporate entities represents a wholesale departure from the banking of hours practice which is the gravamen of this dispute. We therefore posit that the proposed amendment to the class is, in actuality, more akin to yet another amendment of the Complaint which, at this stage of the ligation, we believe would be improper.[1] Consequently, we believe these allegations would be properly excluded from this proceeding whether they be in the form of amending the class or

---

[1] Plaintiffs have sought and received permission, on three separate occasions, to amend the Complaint. In addition, there have been numerous extensions of time in which to complete discovery – all of which memorialized in our May 2, 2016 opposition to an application filed by Plaintiffs. [ECF Doc. 87] (Ex. A)



June 25, 2018
Page 2 of 2

by way of summary judgment.

Mr. Taubenfeld has filed a motion seeking to reopen discovery and for the use of expert discovery. Our opposition has also been filed. In sum and substance, we deposed six of the eight opt-in Plaintiffs; with two of which failing to appear for their scheduled examinations.[2] Amongst and between these opt-in Plaintiffs, there exists significant disparity in most if not every material aspect of the case. We posit this representative sample, which is each opt-in Plaintiff (less two that failed to submit to deposition) confirms a lack of uniformity that would otherwise preclude summary judgment.

We remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Christopher K. Collotta

cc: Client
    Michael Taubenfeld, Esq. (*via* Electronic Case Filing)

---

[2] The potential class consists of some 199 individuals. Only 58 of which signed receipt for their notices, with 8 individuals ultimately opting-in. The 8 named Plaintiffs and 6 of 8 class members were deposed; 2 failed to appear for their scheduled examinations.