FILED
CLERK
7/15/2019 12:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

J. TRINIDAD BERNAL GONZALEZ,

Plaintiff,

v.

ALLIED CONCRETE INDUSTRIES INC., et al.,

Defendants.

---------------------------------------X

14-CV-04771 (RRM)

May 12, 2017
Central Islip, New York

TRANSCRIPT OF CIVIL CAUSE FOR ORAL RULING
BEFORE THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: MICHAEL TAUBENFELD, ESQ.
Serrins Fisher LLP
233 Broadway, Suite 2340
New York, New York 10279

For the Defendants: SAUL D. ZABELL, ESQ.
Zabell & Associates, PC
1 Corporate Drive, Suite 103
Bohemia, New York 11716

Court Transcriber: MARY GRECO
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, New York 12866

Proceedings recorded by electronic sound recording, transcript produced by transcription service

(Proceedings began at 1:41 p.m.)

THE CLERK: Calling case 14-CV-4771, Gonzalez v. Allied Concrete. Counsel, please state your appearance for the record.

MR. TAUBENFELD: Michael Taubenfeld from Fisher Taubenfeld for the plaintiff. Good afternoon, Your Honor.

THE COURT: Good afternoon, Mr. Taubenfeld.

MR. ZABELL: For the defendant, Saul Zabell. Good afternoon, Your Honor.

THE COURT: Good afternoon, Mr. Zabell.

As you know, I scheduled this because I wanted to place the Court's ruling on the record with respect to the pending motions, one for class certification, one for partial summary judgment on liability. I'm going to place the Court's ruling on the record. It should take about ten or 15 minutes to do that. And then obviously we can talk about the next steps in the case. It's possible I may do a written ruling at some future point but I didn't want the case to be dormant in the interim. So you can order a copy of the ruling through the clerk's office if you want a transcript.

First, with respect to the motion for class certification, the Court is granting that motion. In terms of the applicable law, I'm not going to belabor the record by laying out the law in detail. I simply incorporate by reference a prior written decision of mine, Perez v. Allstate

Insurance Company, 2014 WL 4635745 (EDNY Sept. 16, 2014). In short, to establish class certifications warranted the party seeking to maintain the class action must affirmatively demonstrate his compliance with Rule 23's requirements by a preponderance of the evidence. I'm going to go through the requirements.

First, with respect to Rule 23(a), pursuant to that rule, plaintiffs seek to certify the following class, all employees of Americo Magalhaes Concrete and Allied Concrete between August 11, 2008 and the present who were not one, paid proper overtime wages under 12 NYCRR Section 142-2.2. Two, paid proper straight time wages under New York Labor Law and New York Common Law. Three, provided with wage notices under New York Labor Law 195, Subsection 1 and/or four, provided pay stubs compliant with New York Labor Law Section 1953.

Defendants concede that the numerosity prong is met and it's clear based upon the submission that it is met. The defendants object to class certification on the grounds that one, there is a lack of commonality and two, typicality between plaintiffs, and three, the proposed class representatives are inadequate to represent the class. In particular, with respect to commonality, defendants argue that the requirement is not met because each employee has a distinct employment period and one of the plaintiffs, Rodriguez, alleges he was paid in cash and did not claim that

he was paid overtime which is at odds with the banking policy alleged by the other plaintiffs. Defendants argue that because these facts mean a highly individualized analysis must be conducted for each plaintiff that it's impossible to establish a class-wide resolution and that therefore the plaintiffs failed to establish the required degree of commonality.

Having looked at this issue, the Court disagrees. Here plaintiffs take issue with the common policy or practice of defendants, the banking policy, and defendants acknowledge the existence and use of that practice. Whether that practice violates New York Labor Law is a question of law that can be resolved on a class-wide basis with the appropriate damages award to each plaintiff to be determined at a later date. See for example <u>Jacob v. Duane Reed, Inc.</u>, 289 FRD 408, 415 (SDNY 2013) finding a commonality requirement met where the employee carried out his duties pursuant to a uniform policy, uniform training, uniform job description, uniform procedures.

Further, plaintiffs allege that defendants failed to compensate their employees for their shop and travel time in violation of New York Labor Law which again raises a common question that will have a common answer applicable to all plaintiffs. Although there may very well be factual differences between the plaintiffs, as the Court has previously noted, "A court may find a common issue of law even

though there exists some factual variation among class members' specific grievances." Han v. Sterling National Mortgage Company, 2011 WL 4344235 at Page 3 (EDNY Sept. 14, 2011) calling other cases. Given "the significant elements of proof that are common across all class members and that do not require an individualized determination" I conclude the plaintiffs have met the commonality requirement. See Damassia, D-A-M-A-S-S-I-A, 250 FRD, 156.

With respect to the typicality requirement, defendants assert the plaintiffs' claims are not sufficiently congruous to meet the requirement. In particular, they argue the plaintiffs will each have unique allegations and will be subject to unique defenses. Again, I disagree and find the plaintiffs have satisfied the typicality requirement. Here the plaintiffs have shown that "each class member's claim arises from the same course of events and each class member makes similar legal argument to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993). In particular, the course of events and legal arguments that are at issue here as I noted defendant's banking policy and the alleged failure to compensate employees for their shop and travel time. Any incongruences between plaintiffs's claims are no more in my view then "minor variations in the fact patterns underlying individuals' claims" which do not defeat typicality. I'm quoting from the

Second Circuit case Celani at Page 937. Although defendants correctly point out that class certification is improper where a putative class represented is subject to unique defenses which threaten to become the focus of the litigation. See Baffa v. Donaldson, Lufkin & Jenrette Securities Corporation, 222 F.3d 52, 59 (2d Cir. 2000). Defendants did not articulate which unique defenses apply to the various plaintiffs or how any factual incongruences between plaintiffs might lead to an inference that there would be unique defenses. Instead, defendants spent a significant portion of their brief highlighting facts that they describe as unique issues but that appear to be to the Court either irrelevant as far as the plaintiffs' claims are concerned or in actuality are common to most if not all of the plaintiffs. For example, defendants note that plaintiffs worked different shifts and some plaintiffs have filed Worker's Compensation claims and that there are variations in how plaintiffs' employment for defendants came to an end. In the Court's view these variations don't bear on whether the banking policy or failure to compensate plaintiffs for certain categories of work, time violated New York Labor Law. As another example, defendants point out that most of the plaintiffs were unaware of the overtime to which they were entitled. Because this appears to be an argument applicable to many plaintiffs and in fact bolsters the finding that typicality is met in any event

doesn't, in my view, defeat the typicality requirement.

I will address in greater detail defendant's argument that typicality requirement is not met because plaintiff Lambur and Canales were employed as drivers not only as a laborer as asserted by plaintiffs. I determined that even assuming "that their job title and responsibilities were significantly different from those of all other plaintiffs in this action," that's from Page 10 of defendant's brief, those differences do not automatically render plaintiffs' claims unique. Instead as I noted above, whether defendants properly compensated these claims in accordance with New York Labor Law in light of common payroll practices and/or policies is the same inquiry applicable to the other plaintiffs regardless of job description responsibility. I do not find relevant that "the hours of drivers were computed on a different system from the laborers" in light of the fact that they were allegedly computed pursuant to the same policies at issue. As plaintiffs note, the only potential difference in what damages are due based on the individual circumstances of each plaintiff, that in the Court's view would be the potential difference, not whether liability exists because of the followed policies and actions at issue.

Finally, I note that defendants argue that because plaintiffs have not proposed that certain plaintiffs be class representatives, the Court should presume that those plaintiff

are not similarly situated as the class and thus should be excluded from it, but I don't find that argument persuasive. In short, counsel for plaintiffs may have had a number of reasons for proposing certain plaintiffs as class representatives, not others in light of the requirements of Rule 23(a)(4). And I don't think there should be any presumption that that was type of concession that the typicality requirement is not met with respect to those plaintiffs in light of any proof that that is the situation.

In sum, because plaintiffs have alleged that all plaintiffs were not properly compensated for the time they worked pursuant to common policies of the defendants, there's no indication to the Court that unique defenses apply to the various plaintiffs I find the typicality requirement has been met.

Defendants also took issue in opposition with the fact the plaintiffs submitted declarations to qualify or correct certain deposition testimony that defendants assert is unfavorable to the plaintiffs in connection with the class certification motion. The defendants argue that their testimony was inconsistent as to the length of their workdays, whether they had worked on holidays or during inclement weather and whether they worked on weekends. However, I agree with the plaintiffs that these issues with respect to any inconsistencies do not provide a basis in this case for

finding that the requirements imposed by Rule 23(a) have not been met. I believe that those inconsistencies, while he may be relevant for purposes of assessing the credibility of the plaintiffs do not affect the Court's determination with respect to requirements for Rule 23(a) being met including the typicality requirement.

Finally, concerning the requirement of named plaintiffs adequately represent the proposed class, defendants argue that is not met because each plaintiff's claims are subject to unique defenses. As I noted above, conclusory statements of that type of plaintiffs' claims are subject to unique defenses do not negate the plaintiffs' strong showing that typicality is met. And the same conclusion applies here to the adequacy determination. I find no indication of factual differences between the proposed class representative claims and the remaining plaintiffs' claims will impair the proposed representatives' ability to represent the interests of the proposed class fairly and adequately. In addition, defendants highlight plaintiffs' inability to calculate the sums they allege they were not paid. Again, the Court agrees with plaintiffs on this point and determines that in light of their individual circumstances and the fact that plaintiffs have a general understanding of this lawsuit and because they're familiar with the factual circumstances of the claim, the proposed named plaintiffs adequately represent the class

even though they were not able to calculate the damages during the depositions.

In light of all the evidence submitted to the Court, plaintiffs with respect to the allegation of under compensation in light of the banking policy, the defendant's alleged failure to compensate them for certain categories of time as well as the absence of any evidence of any fundamental conflict between the proposed class representatives and the remaining plaintiffs, I conclude plaintiffs have met the adequacy requirement of 23(a)(4).

Moving briefly to the issue of 23(b)(3), that authorizes class certification and the plaintiffs established by a preponderance of the evidence that one, common questions predominate over questions affecting individual plaintiffs, and two, class resolution is the best means of adjudicating the case. Seekamp v. It's Huge, Inc., 2012 WL 860364 on Page 9 (NDNY Mar. 13, 2012). Defendants argue that the motion fails for the separate reason that in light of plaintiffs' failure to meet the requirements of 23(a) they can't meet the requirements of 23(b)(3). Specifically defendants assert that plaintiffs' failure to provide proof of the alleged underpayment and their reliance on isolated excerpts from defendant Magalhaes's deposition testimony render them unable to show that common questions predominate over any questions affecting only individual members and the class resolution is

superior to other available methods for the fair and efficient adjudication of controversy.

I disagree. I find the plaintiffs have met these requirements of 23(b)(3). First, as I noted with regard to the banking policy, defendant's failure to compensate employees for certain categories of time violates New York Labor Law. There's a legal question that clearly predominates in this case because its resolution can be achieved through general proof, i.e. policy, whether the policy existed and this question is much more substantial than any factual issues that are subject to individualized proof.

In short, I find no evidence that any factual issues are of such a magnitude as to cause individual issues to predominate. Further, although there are potential variations on damages suffered by each plaintiff as I've discussed, the Court finds that these variations are dominated by the common legal issue whether the policies at hand violated New York Labor Law. Moreover, although the calculation of damages would necessarily lead to different results, depending on the individual facts of each plaintiff's claim, the theory of damages will not. In other words, the theory of damages will correspond to plaintiffs' theory of liability. In any case, the Second Circuit has held, "While the fact that damages may have to be ascertained on an individual basis is not standing alone sufficient to defeat class certification, it is

nonetheless a factor that we must consider in deciding whether issues that are susceptible to generalized proof outweigh individual issues." McLaughlin v. American Tobacco Company, 522 F.3d 215, 231 (2d Cir. 2008). Having considered this issue of damages as part of its predominance analysis I conclude that common issues of law that I've already discussed predominate despite the presence of individualized damages. I note that I reserve the right to decertify the class as to damages only pursuant to Federal Rule of Civil Procedure 23(c)(4) if I find that becomes necessary at a later date. As to Rule 23(b)'s requirement that the class action be a superior method to other available methods for the fair and efficient adjudication of the controversy, I conclude that requirement is met because one, the dozens of potential class members, most of whom are likely to receive modest amounts if they prevail in individualized claims arising from the policies at issue would likely be unlikely to participate in litigation acts and participation in class action. And two, class action will save significant litigation costs for the parties and allow them to more efficiently prosecute these claims. And three, the case does not pose manageability difficulties that justify denying certification. Therefore, for all these reasons I believe that this is a classic situation for a class action that meets the requirements of 23(b).

In short, I determined the requirements of both 23(a) and 23(b)(3) have been met and the motion to certify the class is granted. Having certified the class, I consider plaintiffs' unopposed motion to appoint Fisher Taubenfeld, LLP, who I'll refer to as Fisher, as class counsel. The Court is required to consider under Rule 23(g) for factors in appointing class counsel. One, the work counsel has done in identifying and investigating potential claims in the action. Two, counsel's experience. Three, counsel's knowledge of the applicable law. And four, the resources that counsel will commit to representing the class. I find that Fisher has diligently investigated the claims at issue, researched and litigated the pertinent legal issues, and filed and opposed to various motions. It's clear the firm is well versed in this area of the law and has represented plaintiffs in several FLSA collective actions in wage and hour cases and it appears to be committed to devoting ample resources to the case. In light of those factors, the Court grants plaintiffs' motion to appoint Fisher as class counsel in the instant case.

Moving to the summary judgment motion, I adopt the standard of review for a motion for summary judgment as discussed in the decision Cruz v. County of Nassau, 996 F.Supp.2d 186, 200 (EDNY 2014). In short, the moving party bears the burden of showing there's no genuine dispute as to any material fact and the movement is entitled to judgment as

a matter of law. Thus, the Court is required to view the evidence in a light most favorable to defendants to draw all reasonable inferences in their favor and avoid making credibility assessments. Applying that standard, I'm granting the motion as to liability. I know there's a threshold factor that plaintiffs moved for summary judgment on four issues. That Defendants Violated the Fair Labor Standards Act which I'll referred to obviously as FLSA, and New York Labor Law by banking plaintiffs' overtime hours. Two, that individual defendant Americo Magalhaes is the individual employer under the FLSA and New York Labor Law. Three, that defendants Concrete and Allied Concrete operated as an integrated enterprise and thus are a single employer under the FLSA and New York Labor Law. And four, that defendants failed to provide wage notices and proper wage statements under New York Labor Law Section 195, Subsection 1 and 3. Defendants did not address the last three issues in their opposition papers and at oral argument they were conceded. In any event, the Court finds the uncontroverted evidence supports the conclusion with respect to those last three issues that the motion should be granted based upon the uncontroverted facts.

I now focus on the issue that was contested for purposes of summary judgment and that's the banking employees' overtime hours. I conclude summary judgment should be granted on that issue as it relates to liability. For these reasons,

as is well settled, employers such as defendants must compensate employees who work in excess of 40 hours in a given week at a rate of one and a half times their straight pay. That is the hourly wage. The first question is whether defendant's policy of paying employees who worked overtime a payment of 40 hours worth of straight pay and 50 percent of their pay for their overtime hours at some later time paying them straight pay for those overtime hours violates the FLSA or New York Labor Law. Under federal regulations dealing with the FLSA "The general rule is that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such work weekends." 29 CFR Section 778.106. The only exception to that rule applies when "the correct amount of overtime compensation cannot be determined until sometime after the regular pay period," But even when that exception applies, employers are required to pay the excess overtime compensation "as soon after the regular pay period as is practicable." Thus, pursuant to these regulations, defendant's overtime banking policy depending upon the extent to which and how it was used had the potential to violate the FLSA. The same is true of the New York Labor Law which requires the employees to pay overtime according to the manner and methods provided in the FLSA 12 NYCRR Sections 142-2.2 and 3.2.

However, this is not the only inquiry I must make

when deciding plaintiffs' summary judgment motion on this issue. I must also determine whether I can grant summary judgment on the issue of whether the defendants violated the FLSA and New York Labor Law by banking plaintiffs' overtime hours. In other words, having decided the banking policy has the potential to violate the FLSA and New York Labor Law depending on whether and how it was applied, the Court must now decide whether there are any issues of fact that preclude summary judgment and whether it was applied to the plaintiffs. And I conclude that there are no such issues of fact and that summary judgment should be granted to these plaintiffs on this issue. First, the defendants do not dispute that they applied the banking method to the plaintiffs. That's Paragraph 44 of the 56.1 statement. The Court finds that there is no material issue of fact as to whether it was applied to plaintiffs because there is evidentiary support for that determination. As I said, defendants don't dispute it but in any event there's certainly support for that in the record. First, defendant Magalhaes stated in his deposition that some of the hours of various plaintiffs, Rios, Gonzalez, and Diaz for banked. That's at transcript of his deposition 129 to 132. Several plaintiffs including Diaz, Rivera, Maqeuda, Gonzalez, Falcon, and Canales submitted pay stubs that reflect defendant's documentation of banked hours. That's ECF -- excuse me, Exhibit 6 through 11. In addition, plaintiffs

Canales, Falcon, Dacosta-Rodrigues, and Lambur either testified or filed declaration attesting the defendants applied the banking policy to them. That's Plaintiff's Exhibit 2 at Page 113 and 129, Exhibit 16 at Page 48. The Canales declaration at Paragraph 4, Exhibit 12 at 51 and 95, Exhibit 18 at Page 30. Thus I grant summary judgment on the issue of liability for defendant's violation of the Fair Labor Standards Act by banking their overtime hours.

I do want to address the arguments that were made by the defendants as to why the Court should not grant summary judgment which I found unpersuasive.

First, the defendants argue the plaintiffs' motion for summary judgment should be denied because plaintiffs have not met the requirements for proving a prima facie case under the FLSA and New York Labor Law. In particular, they assert that plaintiffs have failed to submit sufficient evidence from which a violation of those statutes and the amount of the award may be reasonably inferred. However, defendants arguments in the court should be really applied to the damages phase of the FLSA proceeding and don't bear on whether a violation has occurred either under federal law or New York law which the Court finds that it has under both statutes. In <u>Anderson v. Mt. Clemens Pottery Company</u>, the Supreme Court described this exact situation as follows. "Assuming that the employee has proved that he has performed work and has not

been paid in accordance with the FLSA, the damage is therefore certain. The uncertainty lies only in the amount of the damages arising from the statutory violation by the employer." 328 US 680, 688, 1946. The Second Circuit described the difference as follows. "A plaintiff establishes a violation of the FLSA by proving that he performed uncompensated work of which his employer was or should have been aware of the Anderson test invoked by defendants here simply addresses whether there is a reasonable basis for calculating damages assuming that a violation has been shown." Kuebel v. Black & Decker Inc., 643 F.3d 352, 364 (2d Cir. 2011). Even the very first circuit case in which defendants rely, Lupien v. City of Marlborough, 387 F.3d 83 (1st Cir. 2004) held that liability for unpaid overtime is incurred when overtime is not paid by the first payday after the amount of overtime can be determined and that the issue of offsets do not come up or do not come into play until the damages phase and not in the liability phase. That's Lupien 367 F.3d 88, 89.

Therefore, I conclude under clearly established law plaintiffs do not need to show evidence such that a damages award may be reasonably inferred for me to determine that an FLSA and a New York Labor Law violation have both occurred and I reject the defendant's arguments on the issue of liability to this defendant.

In addition, defendants argue that because defendant

Magalhaes testified that all overtime wages were eventually paid at most a quote/unquote technical violation of the FLSA and/or New York Labor Law has occurred and that a technical violation does not warrant summary judgment. In line with this, they argue the plaintiffs are not entitled to any damages because under the First Circuit Lupien case the only damages available in cases such as these are the banked compensation time which defendants state they have paid. Again, I conclude this argument is also directed at the appropriate damages award for a violation and not whether the violation has itself occurred. I don't believe the question of damages is presently before the Court. Further, the fact that the deposition testimony of the various plaintiffs is not wholly consistent which defendants argue provides a basis for denying the summary judgment motion I believe is of no moment as to whether summary judgment is appropriate because these inconsistencies, again, mostly as it relates to damages, do not create a genuine issue of material fact insofar as the banking policy and its application to the plaintiffs are concerned.

Defendants also argue that the banking policy was only applied to employees who requested it and that no plaintiff ever raised an issue with the system or claimed that they were improperly compensated. First of all, plaintiffs dispute these assertions but correctly note that even assuming

they did concede to be paid in accordance with the policy they are unable to waive the rights under the FLSA and New York Labor Law. That's a correct statement of law. There's clearly established law that employees' rights to overtime pay under both of those statutes are not waivable. See for example <u>Barrentine v. Arkansas-Best Freight System, Inc.</u>, 450 US 728, 740 (1981). And therefore, I find that argument unpersuasive.

Defendant's remaining argument is that the policy was a way to protect its employees because the industry is subject to periodic slowdown and as such it should not be deemed a violation of FLSA or New York Labor Law. I don't believe that that's a proper basis to deny summary judgment because in doing so it would essentially mean that employers who substituted congressional judgment of what was in the best interest of employees would be substituted with the employer's own judgment and defendants are asking that to be the standard for liability under the FLSA and that clearly is not the law. Obviously, this determination is without prejudice to defendants raising this argument in the context of, for example, whether liquidated damages should be awarded under the FLSA's provision, that liquidated damages may be denied when an employer shows that despite the failure to pay appropriate wages they acted in subjective good faith and that objectively reasonable grounds for believing that the acts or

omissions giving rise to the failure did not violate the FLSA. Herman v. RSR Security Services, LTD, 172 F.3d 132, 142 (2d Cir. 1999). So while that does not affect the Court's view as to liability it can be raised in the context of damages.

Finally, I will note there is a dispute of material fact concerning whether the plaintiffs in fact received the 50 percent overtime premium for overtime hours they worked. And again, that disputed issue will be determined at a later time. And this is only a ruling for partial summary judgment as it relates to the issues that are before the Court.

So for those reasons I grant the plaintiffs' motion for summary judgment on the following issues. On the issue of liability that the defendants violated the FLSA and New York Labor Law by banking overtime hours with respect to the plaintiffs. Two, that individual defendant Americo Magalhaes is an individual employer under the FLSA and New York Labor Law. Three, that defendants Concrete and Allied Concrete operate as an integrated enterprise and thus are a single employer under the FLSA and New York Labor Law. And four, that defendants failed to provide the plaintiffs' wage notice and proper wage statements under New York Labor Law Sections 195, Subsections 1 and 3. And as I said before, the motion for class certification is granted appointing Fisher Taubenfeld LLP as class counsel.

All right. I think the next step is to move forward

with the notice to the class. Does that make sense, Mr. Taubenfeld?

MR. TAUBENFELD: Yes. Yes, Your Honor.

THE COURT: So do you want to spend some time drafting that and seeing if you and Mr. Zabell can agree on the notice and the timing?

MR. TAUBENFELD: Sure. We submitted a notice as an exhibit but I can certainly work it out and try to stipulate to it.

THE COURT: Okay.

MR. TAUBENFELD: The one thing is we would need a revised list of employees. The last time we got the list, part of [inaudible]. Probably more than that. So [inaudible] probably another year and a half of employees that wouldn't be on that list [inaudible] notice of the class certification [inaudible].

MR. ZABELL: I didn't fully understand everything that counsel was saying because of the phone connection.

THE COURT: I think he's saying that he needs more, I think he needs more addresses given the time period of the proposed class. So why don't you -- I was having trouble hearing you too, Mr. Taubenfeld. Why don't you discuss these issues with Mr. Zabell and submit a letter to me maybe ten days from today just indicating what you agreed on and whether there are any open issues with respect to any information you

need about the class or the wording of the notice. And if necessary, we'll have another conference call. Okay?

MR. ZABELL: Very well.

MR. TAUBENFELD: Understood, Your Honor.

THE COURT: All right. Thank you. Have a good day.

MR. ZABELL: Thank you.

MR. TAUBENFELD: Thank you very much. Have a nice day.

THE COURT: Okay.

MR. ZABELL: Taubby, give me a call on Monday. We can start going through some of this stuff.

(Proceedings concluded at 2:12 p.m.)

* * * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Mary Greco

Mary Greco

Dated: July 15, 2019